UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-312-H

GREIF, INC.                                                                                                        PLAINTIFF

V.

NEIL D. MacDONALD, et al.
                                                                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Greif, Inc. ("Greif"), a manufacturer of corrugated boxes, has sued former employees and their recently formed corporation, Independent II, LLC ("Independent II"), for misappropriation of trade secrets in violation of the Kentucky Uniform Trade Secret Act ("KUTSA"), Ky. Rev. Stat. Ann. §§ 365.880 - 900 (2006), breach of employment contract, unfair competition, tortious interference with contract, breach of fiduciary duty, and civil conspiracy.

The Court held hearings on Plaintiff's motion for injunctive relief and ultimately granted a very limited preliminary injunction. Subsequently, the Court dismissed Plaintiff's noncontractual claims as preempted by KUTSA, but only insofar as they were based on factual allegations of misappropriations of trade secrets.[1] Having commenced an abbreviated discovery process, Plaintiffs now move to amend their complaint to include additional factual allegations in support of their claims. Defendants oppose the amendment as futile and filed in bad faith.

---

[1] In the same Memorandum Opinion and Order, the Court also dismissed two of Defendants' counterclaims.

I.

The facts are the same as those described in the Court's Memorandum Opinion granting a limited preliminary injunction and need not be repeated here for the purposes of this Order. The issue before the Court is simply whether to allow Plaintiff leave to amend its complaint after discovery has begun and a ruling has been made partially dismissing some of Plaintiff's claims.

II.

A party may amend its pleading by leave of Court after a responsive pleading has been served, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Because of this, courts assume "a liberal policy of permitting amendments." *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004).

Plaintiff seeks to clarify its claims so as to avoid KUTSA preemption. As part of the statutory scheme, KUTSA "replaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret."[2] Ky. Rev. Stat. Ann. § 365.892(1) (2006). Thus, the Court ruled that the Plaintiff's claims for unfair competition, tortious interference, breach of fiduciary duty, and civil conspiracy are preempted to the extent that they are based upon the misappropriation of trade secrets. However, as the Court noted, KUTSA does not preempt all causes of action that have to do with trade secrets. Providing a further factual basis beyond the misappropriation of trade secrets may well save those causes of

---

[2] Notably, KUTSA does not affect contractual remedies or other civil remedies not based upon misappropriation of a trade secret. Ky. Rev. Stat. Ann. § 365.892(2) (2006).

action from preemption. *See Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F.Supp.2d 784, 789 (W.D. Ky. 2001).

The amended complaint appears to only clarify the factual allegations supporting pre-existing claims. For example, it bolsters the original unfair competition claim by asserting that Defendants caused confusion in the marketplace by telling customers that Independent II was formerly Greif. It also significantly illuminates the breach of fiduciary duties claim by listing ways in which such duties were allegedly breached. All of Plaintiff's claims were probably sufficiently plead in the original complaint to support factual allegations of wrongdoing beyond the misappropriation of trade secrets. For that reason, the Court did not rule that any of Plaintiff's claims were completely foreclosed by KUTSA; rather, the Court dismissed them only to the extent that they were an attempt to obtain a remedy for such misappropriation. Regardless of this amendment, Plaintiff could still introduce and argue the facts based on any of their claims, so long as those factual allegations were not based upon any misappropriation of trade secrets.

The Court's prior rulings do not foreclose a clarification of the complaint by amendment. At worst, the amended complaint is unnecessary. By clarifying the factual allegations supporting its claims, Plaintiff may even aid the Court in determining the extent of KUTSA preemption. This is not a pleading filed in bad faith. Moreover, the Court fails to see the harm in allowing Plaintiff leave to amend at this stage of litigation. Limited discovery has occurred, but the amended complaint does not so change the litigation as to dramatically shift the focus of discovery or render worthless that which has already been discovered. Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of

itself, to disallow an amendment of the pleading.  *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants motion for leave to file their first amended complaint is SUSTAINED.

cc:     Counsel of Record