UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-312-H

GREIF, INC.     PLAINTIFF

V.

NEIL D. MacDONALD, et al.
    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Greif, Inc. ("Greif"), a manufacturer of corrugated boxes, has sued former employees and their recently formed corporation, Independent II, LLC ("Independent II"), for misappropriation of trade secrets in violation of the Kentucky Uniform Trade Secret Act ("KUTSA"), Ky. Rev. Stat. Ann. §§ 365.880 - 900 (2006), breach of employment contract, unfair competition, tortious interference with contract, breach of fiduciary duty, and civil conspiracy. The relevant facts are the same as those described in the Court's Memorandum Opinion dated December 4, 2006.

In November 2006, the Court held several hearings on Plaintiff's motion for injunctive relief and ultimately granted a very limited preliminary injunction. Previously, Defendants moved to dismiss Plaintiff's noncontractual claims as preempted by KUTSA. Defendants also filed a Counterclaim alleging four Counts against Greif with their Answer, which Plaintiff moved to dismiss. The Court has now had an opportunity to review those motions.[1]

---

[1] Actually, the Court had assumed that this order had been filed several months ago. Due to an administrative mishap, the decision has been delayed until this time. In the meantime, Plaintiffs' filed an amended

I.

As part of the statutory scheme, KUTSA "replaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret."[2] Ky. Rev. Stat. Ann. § 365.892(1) (2006). Thus, claims of unfair competition, tortious interference, breach of fiduciary duty, and civil conspiracy are preempted to the extent that they are based upon the misappropriation of trade secrets. However, KUTSA does not preempt all causes of action that have to do with trade secrets, and if misappropriation is simply one element of a claim, such causes of action are not necessarily preempted. *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F.Supp.2d 784, 789 (W.D. Ky. 2001). This Court must examine each of Plaintiff's noncontractual claims and determine whether the claim seeks a remedy for the misappropriation of trade secrets, which KUTSA would preempt. *See id.* The discussion that follows should give the parties guidance as to the application of each remedy to the KUTSA statutory scheme.

A.

Count III of the original and amended complaints alleges unfair competition by MacDonald and Independent II. Kentucky has only recognized the claim of unfair competition in the realm of trademarks, defining it as "passing off, or attempting to pass off, upon the public the goods or business of one man as being the goods or business of another." *Auto Channel, Inc.*, 144 F.Supp.2d at 789-790 (quoting *Newport Sand Bank Co. v. Monarch Sand Min. Co.*, 137 S.W. 784, 785 (1911)). The Restatement of Unfair Competition adopts a broader view, imposing liability for unfair competition where harm results from deceptive marketing, trademark

---

complaint, which the Court considers in this opinion.

[2] Notably, KUTSA does not preempt contractual remedies. Ky. Rev. Stat. Ann. § 365.892(2) (2006).

2

infringement, or appropriation of intangible trade values, including trade secrets. *Restatement (Third) Of Unfair Competition* § 1(a) (1995). Greif alleges several acts comprise its claim for unfair competition: Neil MacDonald and James Robbins (1) recruited and hired Greif employees, (2) usurped the goodwill and customer relationships of Greif, and (3) profited from confusion and/or loyalties in the marketplace by naming the company Independent II.

Other courts have dismissed claims of unfair competition because they were based on misappropriation of a trade secret. *See, e.g., Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (preempting claims for unfair competition and unjust enrichment that arose from the "same nucleus of facts as the misappropriation of trade secrets claim"); *see also Glasstech, Inc. v. TGL Tempering Systems, Inc.*, 50 F. Supp. 2d 722, 731-32 (N.D. Ohio 1999) (dismissing unfair competition and unjust enrichment because they "relate[] to the misappropriation of proprietary information which is designed to be protected through the law of trade secrets and patents"). Likewise, to the extent this count based upon misappropriation of a trade secret, KUTSA would preempt the claim. *Auto Channel, Inc.*, 144 F.Supp.2d at 789. However, this count is based upon a "further factual basis" that has nothing to do with misappropriation of a trade secret, and so it is not preempted. *Id.*

B.

Count IV of the original and amended complaints alleges that MacDonald and the other individual Defendants tortiously interfered with the contract. In Kentucky, this claim requires proof that a defendant, knowingly and without justification, aids and abets or procures another to breach a contract. *See Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 486 (Ky. 1991). Greif alleges that the Defendants interfered with Neil MacDonald's Employment

3

Agreement "by providing and inevitably disclosing to Neil MacDonald, Independent II, or anyone working in concert with them, information specifically identified in the Employment Agreement, such as spec sheets and customer sales and financial data, for the purpose of competing against Greif." This claim is based entirely upon the allegation that some of the defendants disclosed confidential business information and trade secrets to Neil MacDonald and Independent II. Because this allegation is a tort claim based upon the misappropriation of trade secrets, it is preempted by KUTSA. *See* Ky. Rev. Stat. Ann. § 365.892.

C.

Count V of the complaint is for breach of fiduciary duty. Although some courts have held that a uniform trade secret act preempts fiduciary duty claims, *see e.g., Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 972-73 (N.D. Ill. 2000), such cases also involve fiduciary duty claim premised upon the alleged disclosure of confidential information. *Id.* Here, the breach of fiduciary duty is premised upon the Defendants becoming owners of Independent II, recruiting Greif employees to work for Independent II, soliciting business for Independent II, and taking other actions for the benefit of Independent II, while still employed at Greif. To the extent that such actions refer to the misappropriation of trade secrets, KUTSA would preempt the claim for breach of fiduciary duty; however, the allegations are based upon a sufficiently distinct factual basis for Count V to survive dismissal.

D.

Count VI of the original complaint alleges a civil conspiracy. To establish a civil conspiracy in Kentucky, Plaintiff must show an unlawful or corrupt combination or agreement between two or more persons to do, by concerted action, an unlawful act or a lawful act by

4

unlawful means. *McDonald v. Goodman*, 239 S.W.2d 97, 100 (Ky. 1951); *see also Montgomery v. Milam*, 910 S.W.2d 237, 239 (Ky. 1995). This claim would be preempted as it relates to any conspiracy to misappropriate Greif's confidential business information and trade secrets. However, the claim survives because it is not preempted as to any conspiracy to violate fiduciary duties or compete unfairly.

II.

Defendants have asserted a Counterclaim containing four separate Counts, seeking a declaratory judgment as to the Non-Competition Agreement, as well as claims for breach of contract, breach of duty of good faith and fair dealing, and attorney's fees under KUTSA. Plaintiffs have moved to dismiss all four Counts contained in Defendant's Counterclaim. The Court must consider each Count in turn.

A.

Count I of Defendants' Counterclaim seeks a declaratory judgment pursuant 29 U.S.C. § 2201 (2006) as to the effect of the Non-Competition Agreement. A fundamental prerequisite for issuance of a declaratory judgment is that there be an "actual controversy" between the parties. *See* 29 U.S.C. § 2201. No actual controversy exists as to an expired contract and an action for a declaratory judgment does not lie in a controversy that is moot. *Gen. Elec. Co. v. Local 761, Int'l. Union of Elec., Radio and Machine Workers, AFL-CIO*, 395 F.2d 891, 895 (6th Cir. 1968). In this case, the Non-Competition Agreement has expired. Greif freely admits that the restrictive covenants in the Non-Competition Agreement terminated on May 10, 2005. Thus, no actual controversy exists, and Defendants' request for a declaration to that effect is extraneous and

5

moot.³

B.

Count II of Defendants' Counterclaim alleges breach of the Non-Competition Agreement and the Employment Agreement. Defendants' theory of breach is an odd one. They contend that Greif breached the Non-competition Agreement by "seeking to enforce the terms of the Non-Competition well after its natural expiration." However, Greif does not seek relief in this suit for violation of the expired Non-Competition Agreement. Defendants have not set forth a claim for breach of that contract in this matter, and it should be dismissed.

Defendants also claim that Greif breached the Employment Agreement by "seeking to use the Employment Agreement to restrict MacDonald's legitimate business interests and free competition in the marketplace." Essentially, Defendants say that Plaintiff has breached the Employment Agreement by bringing this lawsuit to enforce it. To recover in any action based on breach of contract under Kentucky law, the party seeking to recover must show the existence and the breach of a contractually imposed duty. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001) (citing *Strong v. Louisville & Nashville R.R. Co.*, 43 S.W.2d 11, 13 (Ky. 1931)). Defendants point to no provision of the Employment Agreement that imposes a duty on Plaintiffs not to file a lawsuit to enforce it. On the contrary, Section 5.2 of the Agreement expressly authorizes Greif to prevent, and recover damages for, Neil MacDonald's unauthorized use of confidential business information and trade secrets, and to seek damages and injunctive relief as a remedy for such disclosure:

---

³ Although Count I of Defendants' Counterclaim does not seek a declaratory judgment as to the Employment Agreement, their Response to Plaintiff's Motion to Dismiss presumes that they had pled such in the Counterclaim. Since it was not pled, the Court need not consider dismissal of a declaratory judgment as to the Employment Agreement.

> ...Employee acknowledges that money damages would not be sufficient remedy for any breach of this Article 5 by Employee, and Employer shall be entitled to enforce the provisions of this Article 5 by terminating any payments then owing to Employee under this Agreement, by causing Greif to terminate any payments then owing to Employee under the Noncompetition Agreement dated May 9, 1997 and/or specific performance and injunctive relief as remedies for such breach or any threatened breach. Such remedies shall not be deemed the exclusive remedies for a breach of this Article 5, but shall be in addition to all remedies available at law or in equity to Employer, including the recovery of damages from Employee and his or her agents involved in such breach.

A breach of contract cause of action "may not be based on an act which the contract authorizes to be done." *Ford Motor Co. v. Alexander Motor Co.*, 2 S.W.2d 1031, 1033 (Ky. 1928). Thus, Defendants' claim for breach of contract is without merit.

C.

Count III of Defendants' Counterclaim alleges breach of the implied covenant of good faith and fair dealing. Every Kentucky contract includes an implied covenant of good faith and fair dealing. *Ranier v. Mount Sterling Nat. Bank*, 812 S.W.2d 154, 156 (Ky. 1991). However, that covenant "does not preclude a party from enforcing the terms of the contract. It is not 'inequitable' or a breach of good faith and fair dealing in a commercial setting for one party to act according to the express terms of a contract for which it bargained." *Farmers Bank and Trust Co. of Georgetown, Ky., v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (quoting *Hunt Enters., Inc. v. John Deere Indus. Equip. Co.*, 18 F.Supp.2d 697, 700 (W.D. Ky. 1997)); *see also Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (holding that acting in accordance with a contract cannot be considered a breach of the duty of good faith and fair dealing). The present action, which Defendants' contend has been asserted in bad faith, is an attempt by Greif to enforce rights it believes it has under the Employment

7

Agreement with MacDonald.[4] The Employment Agreement expressly authorizes Greif to invoke legal protection to enforce its rights therein. Regardless of whether this Court ultimately finds that such rights exist, Greif's attempt to assert such rights do not implicate the implied covenant of good faith and fair dealing.

D.

Count IV of Defendants' Counterclaim alleges that Plaintiffs' KUTSA claim for misappropriation was brought in bad faith and that it is thus entitled to reasonable attorney's fees pursuant Ky. Rev. Stat. Ann. § 365.886 (2006). There is some precedent in other jurisdictions for attorney's fees as a counterclaim under the Uniform Trade Secrets Act, *see, e.g., Leske v. Leske*, 517 N.W.2d 538, 540 (Wis. Ct. App. 1994), but this Court will refrain from analyzing this claim until a prevailing party has been determined.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and Count IV of the original and amended complaint is dismissed with prejudice in its entirety. Counts III, V and VI of the original and amended complaint survive.

IT IS HEREBY ORDERED that Plaintiff's motion to dismiss is SUSTAINED, and Counts I, II and III of Defendants' Counterclaim are dismissed with prejudice. Count IV of Defendants' Counterclaim survives.

---

[4] Greif has not brought claims under the Non-competition Agreement or the Stock Purchase Agreement, the only other contracts in the record, so they cannot form the basis of Defendants' bad faith claim.

cc:     Counsel of Record