UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-312-H

GREIF, INC.                                                                                                   PLAINTIFF

V.

NEIL D. MacDONALD, et al.
                                                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Greif, Inc. ("Greif") sued former employees and their recently formed corporation, Independent II, LLC ("Independent II"), for misappropriation of trade secrets and other state law claims. In an October 26, 2006 Order, the Court directed that "all documents regarding the business plan shall be provided to counsel for the plaintiff, if not already produced, including all communications between Mr. MacDonald and the banks." The parties disagreed as to whether all such communications had been produced, and Plaintiff served five banks, including Republic Bank, with document subpoenas. Defendants now move for and Order Finding Plaintiffs in Contempt and for Sanctions.

At an April 25, 2007 conference regarding that motion, the Court devised a fair means of continuing such discovery, which both parties agree may be sensitive in nature. Prior to the implementation of the Court's order, Plaintiff's counsel received documents from Republic Bank in response to the subpoenas. Properly so, Plaintiff's counsel advised Defendants' counsel immediately of this development. After discussions with the parties, the Court has determined the following procedure to complete production of these documents.

Discussions having been held and the Court being sufficiently advised;

**IT IS ORDERED** the Defendants' motion is hereby DENIED in all respects.

**IT IS FURTHER ORDERED** that:

1. Any documents produced as a result of the Plaintiff's subpoenas shall be immediately delivered to Defendants' counsel.

2. As soon as possible Defendants' counsel shall "bate stamp" every page of the documents, produce an index of such documents and deliver that index to Plaintiff's counsel and the Court.

3. On or before May 18, 2007, Defendants' counsel shall submit any objections regarding production of any record. Copies of the documents to which Defendants' counsel have no objection shall be delivered to Plaintiff's counsel.

4. On or before May 29, 2007, Plaintiff's counsel shall notify the Court as to which documents from the index it believes are discoverable but were not produced by Defendants' counsel.

5. Those documents to which Plaintiff's counsel challenges Defendants' objection shall be delivered to the Court.

6. The Court or Judge Moyer will schedule a hearing and will determine whether such documents are discoverable.

**IT IS FURTHER ORDERED** that the pretrial and discovery issues in this case are referred to United States Magistrate Judge James D. Moyer, who will establish a regular schedule for addressing any ongoing discovery issues.

cc:   Counsel of Record