UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-312-H

GREIF, INC.                                                                                                     PLAINTIFF

V.

NEIL MacDONALD, et al.                                                                              DEFENDANTS

### MEMORANDUM AND ORDER

On June 8, 2007, the Court convened a discovery conference to discuss both general and specific discovery directives. Defendants shall provide the discovery identified at the conference.

The Court makes the following comments on the status of this case. Plaintiff's count one charges misappropriation of trade secrets. Defendants have not filed a motion to dismiss. A key question will be whether any pricing and customer information is sufficiently confidential to qualify as a trade secret. Plaintiff's claim for breach of employment agreement raises similar questions. The Court's discussion in its December 1, 2006, denial of injunctive relief demonstrates the obstacles facing Plaintiff on these claims.

Count three charges unfair competition in the recruitment of employees and the creation of unfair confusion in the market place. The Kentucky Unfair Trade Secrets Act ("KUTSA") preempts any claim concerning trade secrets, but the remainder is open to discovery. The count four tortious interference claim was dismissed as pre-empted.

The breach of fiduciary claim in count four has partially survived preemption. However, it is not yet clear that any employees breached their fiduciary duties. It is unclear that mere

salesperson owe any fiduciary duty or that any conduct of these Defendants violated such a duty, if it exists in these circumstances. Our cases have allowed salespersons a broad scope of permissible conduct.

At this point, there may be no alternative than to let a fair discovery process proceed and then test the allegations at the summary judgment phase.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants shall provide the discovery of specific documents identified at the discovery conference.

IT IS FURTHER ORDERED that Defendants shall provide summary and backup documentation of all transactions with Plaintiff's existing customers for the dates of July 15, 2005, through February 1, 2007.

cc: Counsel of Record